UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHINWE ATUEGWU,

        Plaintiff,

-against-

IRS USA; STOP B225,

        Defendants.

1:22-CV-1587 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Chinwe Atuegwu, who appears *pro se* and is currently being treated in the Trenton Psychiatric Hospital, in West Trenton, New Jersey, filed this action against the Internal Revenue Service ("IRS") and an IRS mail-collection stop located in Kansas City, Missouri (Stop B225). Plaintiff seeks judicial review of the IRS's refusal to issue her a tax refund, as well as $600,000 in damages. By order dated April 5, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

A.  *Atuegwu v. United States*, **1:18-CV-1518 (PAE) (SN)**

On February 20, 2018, Plaintiff filed a *pro se* action against the IRS and IRS employees in which she sought judicial review of the IRS's refusal to issue her a tax refund as well as damages. *Atuegwu v. United States*, ECF 1:18-CV-1518, 2 ("*Atuegwu I*") (complaint).[1] Judge Paul A. Engelmayer of this court construed *Atuegwu I* as brought under 26 U.S.C. § 7422, and by opinion and order dated May 8, 2019, he granted the Government's motion to dismiss that action under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. ECF 1:18-CV-1518, 69.

In a letter received by the court on September 4, 2019, Plaintiff informed the court that since April 7, 2019, she had been held in jails in New Jersey. ECF 1:18-CV-1518, 74. In light of Plaintiff's confinement in those jails, by order dated September 11, 2019, Judge Engelmayer granted Plaintiff an opportunity to seek relief from the dismissal of that action. ECF 1:18-CV-1518, 79. Plaintiff sought reconsideration of the dismissal, but on September 28, 2020, Judge Engelmayer denied that relief. ECF 1:18-CV-1518, 86. Almost two months later, on November 24, 2020, the court received notice from Plaintiff that she had changed her mailing address to the Trenton Psychiatric Hospital. ECF 1:18-CV-1518, 87. Plaintiff again sought reconsideration of the dismissal, but on April 1, 2021, Judge Engelmayer denied Plaintiff that relief. ECF 1:18-CV-1518, 90. Plaintiff did not appeal in the United States Court of Appeals for the Second Circuit.

---

[1] In her complaint in *Atuegwu I*, Plaintiff claimed to be a "temporary" citizen of New Jersey, but the mailing address she listed in that complaint was a post office box located in New York, New York. ECF 1:18-CV-1518, 2, at 2-3.

B. **The present action**

On February 25, 2022, the court received Plaintiff's complaint commencing the present *pro se* action; Plaintiff filed it from the Trenton Psychiatric Hospital, which is her address of record for this action. In her complaint, Plaintiff sues the IRS as well as an IRS mail-collection stop located in Kansas City, Missouri (Stop b225). She invokes the Court's federal question jurisdiction, and in response to the complaint form's question, "Which of your federal constitutional or federal statutory rights have been violated?", Plaintiff replies by stating "[a]gravated delay and [d]eprivation." (ECF 2, at 2.) In her complaint form's statement of claim section, Plaintiff alleges that on February 11, 2017, the IRS "refused to send [her a] tax refund and transcript, [and] as a result, [she] could not get [a] loan from the bank for [her] business to stay on." (*Id.*)

In a letter attached to her complaint form, Plaintiff states that she is "refiling this complaint, which [she] initially fi[l]ed with the court on [February 16, 2018], but [it] was dismissed . . . [i]n April 2021. . . . (*Id.* at 8.) She also states that she "appeal[ed] for reconsideration of [the] decision [to dismiss her action, but] it was denied. Therefore, [she is] revisiting this complaint as a new case[] because [she] cannot pursue a further appeal on [the court's] decision." (*Id.*) Plaintiff asserts that she brings this action under 26 U.S.C. § 7422 "in order to recover [her] tax refund. . . ." (*Id.* at 9.) She asks the Court to "release [her tax] refund [to her]." (*Id.*)

Plaintiff alleges in the complaint form's injuries section that her "business was closed down because [she] needed financial help from the bank, and could not get that, because [the bank] required [her] tax transcript. [She] became homeless [and she is currently] receiving treatment from a [psychiatric] hospital." (*Id.* at 6.) In the relief section of her complaint form, Plaintiff states that she seeks her "tax refund and $600,000.00." (*Id.*)

3

# DISCUSSION

The Court construes Plaintiff's complaint as asserting claims under 26 U.S.C. § 7422 against the United States of America, seeking judicial review of the IRS's refusal to issue Plaintiff a tax refund; these claims are the claims that Plaintiff previously raised in *Atuegwu I*. The Court also construes Plaintiff's complaint as asserting additional claims for damages against the United States of America under the Federal Tort Claims Act. For the reasons discussed below, the Court dismisses this action.

A.  **Rule 41(b) of the Federal Rules of Civil Procedure**

Plaintiff cannot proceed in this court with respect to any of the claims that she previously raised in this court in *Atuegwu I*. Under Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"):

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). When a federal court dismisses a claim under Rule 41(b) on the merits, it means that that claim is precluded from being raised again in the same court. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001) ("*Semtek*").

In an opinion and order dated May 8, 2019, Judge Engelmayer of this court granted the Government's motion to dismiss *Atuegwu I* under Rule 41(b) for failure to prosecute, noting Plaintiff's failure to appear for court-ordered depositions. ECF 1:18-CV-1518, 69. On two occasions, Judge Engelmayer denied Plaintiff reconsideration, ECF 1:18-CV-1518, 86, 90, and Plaintiff never appealed the dismissal of *Atuegwu I* to the Second Circuit. Because Judge Engelmayer's May 8, 2019 opinion and order dismissing *Atuegwu I* did not specify that the

4

dismissal was without prejudice, it is an adjudication on the merits for the purposes of Rule 41(b). *See* Fed. R. Civ. P. 41(b).

Plaintiff brought her claims in *Atuegwu I* in this court under 26 U.S.C. § 7422 "to recover her tax refund and nearly $3 million in damages for the 2013 tax year." ECF 1:18-CV-1518, 69, at 1. Under the Supreme Court of the United States's rule in *Semtek*, pursuant to Rule 41(b), she is precluded from bringing those claims again in the same court, which is this court. Thus, to the extent that Plaintiff again raises any of the claims that she previously raised in *Atuegwu I*, including any claims for judicial review of the denial of a tax refund, the Court dismisses those claims as precluded in this court under Rule 41(b). *See Teleshop Inc. v. Import Specialties Inc.*, No. 2:19-CV-3982, 2021 WL 4268019, at *1, 3 (E.D.N.Y. July 30, 2021) (recommending dismissal under Rule 41(b) because of the plaintiff's repeated failures to comply with the court's orders and its failure to prosecute, and noting that, under *Semtek*, such a dismissal would not "permit[] the refiling of this claim in this [c]ourt"), *report & recommendation adopted*, 2021 WL 3629637 (E.D.N.Y. Aug. 16, 2021).

**B.    Sovereign immunity**

This Court must dismiss any of Plaintiff's remaining claims against the IRS and "Stop b225," which are both entities of the federal government, under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against federal agencies and individual federal officers in their official capacities, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States,

such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. §§ 1346(b), 2671-80, provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. § 1346(b)(1). "The proper defendant in an FTCA claim is the United States, not individual federal employees or agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The FTCA's waiver of sovereign immunity does not include, with some exceptions not relevant here, however, claims "arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer. . . ." 28 U.S.C. § 2680(c).

Plaintiff's remaining claims for damages arise from the IRS's failure to issue Plaintiff a tax refund. Thus, the FTCA has not waived sovereign immunity for such claims. *See* § 2680(c); *Ali v. BOP*, 552 U.S. 214, 220 (2008) ("To be sure, [Section 2680(c)'s] references to 'tax or customs duty' and 'officer[s] of customs or excise' indicate that Congress intended to preserve immunity for claims arising from an officer's enforcement of tax and customs laws.") (alteration in original). Accordingly, to the extent that Plaintiff seeks relief under the FTCA for claims for damages that she did not previously raise in *Atuegwu I*, the Court dismisses those claims under the doctrine of sovereign immunity for lack of subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii) (allowing for *sua sponte* dismissal of an IFP action that "seeks monetary relief against a defendant who is immune from such relief").[2]

## C.     The Court denies leave to amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's claims in this action that she previously raised in this court in *Atuegwu I* as precluded under Rule 41(b) of the Federal

---

[2] Even if Section 2680 does not except these claims from the FTCA's waiver of sovereign immunity, Plaintiff has not alleged any facts showing that she complied with the FTCA's procedural requirements, which must be complied with before a federal court may consider a claim under the FTCA. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust her administrative remedies by filing a claim for damages with the appropriate federal government agency and must receive a final written determination. *See* 28 U.S.C. § 2675(a). A claimant may thereafter challenge the agency's final determination in a federal district court by filing an action within six months after the date of the mailing of the notice of the final determination by the federal agency. *See* 28 U.S.C. § 2401(b). If no written final determination is made within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). This exhaustion requirement is jurisdictional and cannot be waived. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Plaintiff has not alleged any facts demonstrating that she filed an administrative claim under the FTCA with a federal agency for her claims for damages that she did not previously raise in *Atuegwu I*, and that she subsequently received a final written determination before bringing this action or that it has been more than six months since she has filed such an administrative claim. Thus, even if Section 2680 does not except these claims from the FTCA's waiver of sovereign immunity, Plaintiff's failure to exhaust administrative remedies does, and these claims are therefore dismissed for lack of subject matter jurisdiction under the doctrine of sovereign immunity. Fed. R. Civ. P. 12(h)(3); *see* § 1915(e)(2)(B)(iii).

Rules of Civil Procedure. The Court dismisses Plaintiff's remaining claims for damages for lack of subject matter jurisdiction under the doctrine of sovereign immunity. Fed R. Civ. P. 12(h)(3); *see* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 29, 2022
             New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge