UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHINWE ATUEGWU,

                Plaintiff,

-against-

IRS USA; STOP B225,

                Defendants.

1:22-CV-1587 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, United States District Judge:

      Plaintiff filed this action *pro se*. In an order and judgment dated and entered on April 29, 2022, the Court dismissed this action *sua sponte* as precluded under Rule 41(b) of the Federal Rules of Civil Procedure, and for lack of subject matter jurisdiction under the doctrine of sovereign immunity. (ECF 7 & 8.) On June 1, 2022, the Court received from Plaintiff, who is currently being treated in the Trenton Psychiatric Hospital, in West Trenton, New Jersey, a submission labeled as a "motion for an extension of time to file written objections," in which Plaintiff challenges the Court's dismissal of this action.[1] (ECF 9.)

      The Court liberally construes this submission as a motion to alter or amend judgment brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), and a motion for relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of

---

[1] This submission is not dated, but the envelope in which it was contained was postmarked on May 27, 2022. Because Plaintiff was institutionalized at the time that she mailed her submission to the court, the Court understands that this submission was filed by Plaintiff on May 27, 2022.

the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies Plaintiff's motion.

## DISCUSSION

**A.     Rule 59(e) relief**

A party who moves to alter or amend a judgment under Rule 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation and citations omitted).

Plaintiff has not demonstrated that the Court overlooked any controlling decisions or factual matters with respect to the Court's dismissal of this action. The Court therefore denies Plaintiff relief under Rule 59(e).

**B.     Rule 60(b) relief**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of her motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the Court denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation period, applicable to claims under Rule 60(b)(1) through (3), *see* Fed. R. Civ. P. 60(c)(1), by invoking the residual clause of Rule 60(b)(6), *see Brien*, 588 F.3d at 175 (internal quotation marks and citations omitted). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002).

Plaintiff has not demonstrated that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Plaintiff's submission (ECF 9) as a motion to alter or amend judgment brought under Rule 59(e) of the Federal Rules of Civil Procedure, and a motion for

relief from a judgment or order brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motion.

This action is closed. The Court directs the Clerk of Court to only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why the Court should not bar Plaintiff from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 1, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge